# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Roger Lee Rowe,**
**Petitioner Below, Petitioner**

**FILED**

**February 18, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 13-0223** (Wayne County 09-C-071)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger Lee Rowe's appeal, filed by counsel J. Anthony Spenia, arises from the Circuit Court of Wayne County, which denied petitioner post-conviction habeas corpus relief by order entered on February 8, 2013. Respondent David Ballard, Warden, by counsel Laura Young, filed a response. On appeal, petitioner argues that the circuit court erred by denying his petition for writ of habeas corpus without allowing DNA testing of evidence and for failing to find that petitioner received ineffective assistance of counsel in prior habeas proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1978, petitioner was convicted of first degree murder by a jury in the circuit court of Wayne County and was sentenced to life imprisonment without mercy. On direct appeal, this Court reversed his conviction due to an improper jury instruction. When petitioner was tried a second time in 1982, he was again found guilty of first degree murder and sentenced to life imprisonment without mercy. This Court denied petitioner's appeal in 1983. Petitioner subsequently filed his first petition for writ of habeas corpus, which the circuit court denied, and which was refused on appeal in 2000.

In 2010, petitioner filed the subject petition for writ of habeas corpus after this Court published *In re Renewed Investigation of the State Police Crime Lab., Serology Div.*, 219 W.Va. 408, 633 S.E.2d 762 (2006). In conjunction with this petition, petitioner also filed various motions, which included a motion to test the DNA of evidence from his underlying criminal trial. The circuit court denied petitioner's motions in 2011 and also, subsequently, denied him post-conviction habeas corpus relief. From the February 8, 2013, order denying his petition for writ of habeas corpus, petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues (1) that the circuit court erred by denying his petition for writ of habeas corpus without allowing DNA testing of evidence, and (2) that his counsel on his first petition for writ of habeas corpus was ineffective.[1] Petitioner's first argument is that the circuit court should have allowed DNA testing of the evidence. He asserts that testing the DNA of this evidence could result in his exoneration. With regard to a petitioner's request for DNA testing, this Court has held as follows:

This Court's ruling in *In the Matter of Renewed Investigation of the State Police Crime Laboratory,* 219 W.Va. 408, 633 S.E.2d 762 (2006), does not afford every petitioner with alleged serology issues the right to additional DNA testing. In order to have the right to additional DNA testing, the evidence sought to be tested must likely produce an opposite result if a new trial were to occur, and the evidence cannot be such that its purpose is merely to impeach or discredit a State's witness.

Syl. Pt. 6, *State ex rel. Burdette v. Zakaib*, 224 W.Va. 325, 685 S.E.2d 903 (2009). Further, "[i]n accordance with West Virginia Code § 15–2B–14 (2004), the West Virginia Legislature provides a defendant the absolute right to ask for DNA testing; however, it does not provide a defendant the absolute right to have DNA testing conducted." Syl. Pt. 7, *Id.* The record does not provide support that petitioner was able to establish the criteria set forth in *Zakaib*. Rather, the circuit court found in its order denying habeas relief that this issue was previously litigated. Petitioner had filed a separate motion for DNA testing, which was denied by order entered on March 24, 2011. Petitioner's petition for writ of mandamus to compel the DNA testing was subsequently refused by this Court. On this issue, we find no abuse of discretion.

Next, petitioner argues that he received ineffective assistance of counsel in his first habeas proceeding. He asserts that his first habeas counsel failed to "point to specific errors with respect to failing to obtain DNA testing." In considering whether petitioner received ineffective assistance of counsel, we bear in mind the following:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,*

---

[1] Petitioner presented six arguments for habeas corpus relief before the circuit court. They concerned (1) serology evidence, (2) ineffective assistance of counsel, (3) prosecutorial misconduct, (4) violations of the Confrontation Clause, (5) cumulative effect of errors, and (6) a request for a new trial. Of these six issues, petitioner raises only the first two in this appeal.

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Our review of the record reveals that the circuit court did not abuse its discretion in finding that the test in *Strickland* was not satisfied and that petitioner's habeas counsel was not ineffective. Petitioner failed to prove that his first habeas counsel's performance was deficient under an objective standard of reasonableness. As the circuit court found, petitioner failed to identify specifically what his habeas counsel should have investigated or found, leaving absent any evidence in support of his broad assertion arguing ineffective assistance. Petitioner also failed to prove that there would be a reasonable probability that, but for his first habeas counsel's alleged error in not raising issues concerning DNA testing of the underlying criminal evidence, the result of his proceedings would have been different. Rather, he merely asserts that had the circuit court permitted DNA testing and if the results were favorable, the results may have shown that petitioner's original habeas counsel should have conducted the same. Because petitioner has failed to satisfy the two-prong test set forth in *Strickland* and *Miller*, we find that the circuit court did not abuse its discretion in finding that petitioner's first habeas counsel was not ineffective.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 18, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3